UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JESSICA BIXLER,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>　　　　　　　　Defendant. | NO: 12-CV-3045-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment (ECF Nos. 16, 20).  Plaintiff is represented by D. James Tree.  Defendant is represented by Jeffrey R. McClain.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed.  For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.*, at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

"substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to

establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for supplemental security income (SSI) benefits on June 18, 2008, alleging an onset date of April 15, 2007. Tr. 108-10. Her claims were denied initially and on reconsideration. Tr. 68-71, 77-79. Plaintiff appeared by video at a hearing before an administrative law judge on August 3, 2010. Tr. 17; 37-65. The ALJ issued a decision on September 9, 2010, finding that Plaintiff was not disabled under the Act. Tr. 17-27.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 18, 2008, the application date. Tr. 19. At step two, the ALJ found that Plaintiff had severe impairments, but at step three the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the listing of impairment. Tr. 19-22. The ALJ determined Plaintiff had the RFC to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to lower semi-skilled (SVP3) tasks that involve no more than superficial contact with others.

Tr. 22. At step four, the ALJ found that Plaintiff had no past relevant work. Tr. 26. At step five the ALJ found Plaintiff could perform other work

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

existing in significant numbers in the national economy in representative occupations such as a sorter, cleaner 1, and mail clerk (all SVP2).  Tr. 26.  Since the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, the Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy, a finding of not disabled was made.  Tr. 27

On November 12, 2010, Plaintiff requested review by the Appeals Council.  Tr. 106.  On February 10, 2012, the Appeals Council denied Plaintiff's request for review, Tr. 1-5, making the ALJ's decision the Commissioner's final decision that is subject to judicial review.  42 U.S.C. §§ 405(g), 1383(c)(3);  20 C.F.R. §§ 416.1481, 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income under Title XVI of the Social Security Act.  Plaintiff has identified four issues for review:

> 1. The ALJ committed reversible legal error by improperly weighing and improperly rejecting Dr. Sean Mee Ph.D. and Diane Kramer VE.
>
> 2. The ALJ committed reversible legal error by improperly weighing and rejecting Dr. Rodenberger?
>
> 3. The ALJ committed reversible legal error by improperly rejecting "nonacceptable" medical sources.

4. The ALJ committed reversible legal error by improperly rejecting the lay witness testimony of Lisa Bixler.

ECF No. 17 at 14.

# DISCUSSION

## A. State Medical Consultant's Opinion

Plaintiff contends the ALJ failed to include limitations from the check-box portion of Dr. Mee's opinion in formulating the hypothetical given to the vocational expert. ECF No. 17 at 17-19. Sean Mee, Ph.D., a non-examining, State agency psychological consultant filled out a check-box form and a narrative assessment. Tr. 239-41. Using the check-boxes, Dr. Mee indicated that Plaintiff was moderately limited in seven different areas of functioning. Tr. 239-40. However, that portion of Dr. Mee's report does not constitute his opinion. Rather, the narrative is used to elaborate and explain the expert's conclusions. *See* Tr. 241 (caption and directions for Section III). The agency has also provided guidance for evaluating medical evidence completed by State agency consultants, including their completion of the mental RFC form such as the one Dr. Mee completed. *See* Program Operations Manual System (POMS), DI 25020.010(B)(1), available at https://secure.ssa.gov/apps10/poms.nsf/lnx/0425020010. POMS DI 25020.010(B)(1) states:

> The purpose of section I ("Summary Conclusion") … is chiefly to have a worksheet to ensure that the psychiatrist or psychologist has

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

> considered each of these pertinent mental activities and the claimant's or beneficiary's degree of limitation for sustaining these activities over a normal workday and workweek on an ongoing, appropriate, and independent basis. **It is the narrative** written by the psychiatrist or psychologist **in section III** ("Functional Capacity Assessment") … **that adjudicators are to use as the assessment of RFC**.

(bold in original). Thus, as explained in the agency's Program Operations Manual, an ALJ properly focuses on the "narrative" portion of the MRFCA form, rather than the "Summary Conclusions" portion. Although POMS "does not have the force of law," it "is persuasive authority." *Warre v. Commissioner of Social Sec. Admin.*, 439 F.3d 1001, 1005 (9th Cir. 2006).

Here the ALJ accepted Dr. Mee's narrative opinions. Tr. 25. Dr. Mee's findings, as more fully explained by his narrative, were incorporated into the hypothetical RFC propounded to the vocational expert. No error has been shown.

Plaintiff contends the ALJ did not include the Dr. Mee's suggestion that Plaintiff would do better in work that is not time sensitive. Dr. Mee wrote, "Would likely do better in work that is not primarily time sensitive (sic)." Tr. 241. Unlike Dr. Mee's other statements written as definite imperatives, it is the ALJ's prerogative to reject mere suggestions. *See Carmickle v. Commissioner of Social Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). That is especially true here, where the ALJ observed the consultant's suggestion was quite vague. Tr. 62.

**B. Dr. Rodenberger's Opinion**

Plaintiff contends Dr. Rodenberger opined that Plaintiff had difficulty

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

1  maintaining stability of relationships and jobs and since the ALJ did not mention

2  Dr. Rodenberger's opinions at all, his opinion must be credited as a matter of law.

3  ECF No. 17 at 20.

4      The record shows the ALJ specifically considered Dr. Rodenberger's report.

5  The ALJ noted,

6      Furthermore, Comprehensive Mental Health records reflect she is a
       "rather vague" historian who speculates she might be bipolar with
7      benign mental status findings. (Ex. 2F/5 [Tr. 201]).

8  Tr. 23.  The Court has reviewed Dr. Rodenberger's report and agrees the mental

9  health records show "benign mental status findings."  Further, it is clear that Dr.

10 Rodenberger was not expressing his medical opinion when he recounted Plaintiff's

11 subjective complaints, including her complaint that she has difficulty maintaining

12 stability of relationships and jobs.  Tr. 201.  There is no error here, especially since

13 the ALJ discounted Plaintiff's subjective complaints and that determination was

14 not challenged in her opening brief.

15 **C. The Opinions of Ms. Walker, Ms. Akers, and Ms. Obeid-Campbell**

16     Plaintiff argues that the ALJ improperly rejected the opinion of Ms. Walker

17 and Ms. Akers.  ECF No. 17 at 21-22.  Ms. Walker assessed a GAF score of 50 on

18 June 26, 2008.  Tr. 220.  Plaintiff contends the record shows serious abnormalities

19 during the time period of Ms. Walker's treatment, therefore, rejection of Ms.

20 Walker's opinion is insufficient.  ECF No. 17 at 21.  Plaintiff explains that Ms.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

Akers evaluation of a GAF score of 49 on January 6, 2010, shows abnormalities as do other provider's opinions during the same time period. ECF No. 17 at 21-22.

Ms. Walker and Ms. Akers are nurse practitioners. Nurse practitioners are not "acceptable medical sources" as that term is used in 20 C.R.R. § 404.1513(a), but are considered "other sources" under § 404.1513(d)(1). As the ALJ recognized, other sources are not entitled to the same deference. Tr. 20. The ALJ may discount testimony from these "other sources" if the ALJ gives reasons germane to each witness for doing so. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citation and quotations omitted).

Here, the ALJ found there were no abnormalities within the brief examinations to support a low GAF rating by Ms. Walker or Ms. Akers. Tr. 20. Further the ALJ found these ratings "questionable" because they were "based entirely upon singular mental health intake evaluations with a two-year gap and the claimant's subjective reports of mental symptomatology." *Id*. The ALJ noted that the treatment records do not corroborate the initial intake GAF scores and the ALJ had discounted claimant's subjective allegations as well. *Id*. In her reply brief, Plaintiff contends Ms. Walker relied upon "a lengthy record" of other mental health reports. ECF No. 24 at 7. Only two reports are mentioned by Ms. Walker; an October 1998 and a May 2007 evaluation. Tr. 219. Since neither of those reports is in the record and they do not directly inform as to Plaintiff's GAF score

on the dates she was seen by Ms. Walker and Ms. Akers, the ALJ did not error in rejecting the GAF scores for the reasons stated.

Next, the Plaintiff infers the ALJ improperly rejected Ms. Campbell's opinion that Ms. Bixler had at least a moderate impairment in six areas of functioning. ECF No. 17 at 22. The ALJ rejected Ms. Campbell's conclusions because, inter alia, "the marked or severe limitations expressed by the DSHS evaluators are comprised of non-acceptable medical sources espousing opinions inconsistent with persuasive opinion from acceptable medical sources; they are not well supported by medically acceptable clinical findings; inconsistent with the claimant's activities of daily living; are conclusory; and, heavily based upon the self-reports of the claimant." Tr. 24. Plaintiff has not challenged any of the ALJ's reasons for rejecting Ms. Obeid-Campbell's opinion either in her opening or reply brief. No error has been shown.

**D. Lay Witness Testimony**

Next, Plaintiff contends that the ALJ erred in rejecting the lay witness testimony of Plaintiff's mother, Lisa Bixler. ECF No. 17 at 22-24. The Ninth Circuit summarized the law on lay witness testimony as follows:

> Lay testimony as to a claimant's symptoms or how an impairment affects the claimant's ability to work is competent evidence that the ALJ must take into account. We have held that competent lay witness testimony cannot be disregarded without comment and that in order to discount competent lay witness testimony, the ALJ must give reasons that are germane to each witness. We have not, however, required the

> ALJ to discuss every witness's testimony on a[n] individualized, witness-by-witness basis. Rather, if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness.

*Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (quotations and citations omitted); *see also Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (holding that an ALJ permissibly rejected the claimant's ex-girlfriend's testimony in part because her "close relationship" with the claimant and "desire to help" him influenced her).

Contrary to Plaintiff's assertions, the ALJ offered germane reasons for discounting Lisa Bixler's testimony. Significantly, the ALJ stated "overall Lisa Bixler's opinion was analogous to the testimony of the claimant." Tr. 24. The ALJ previously discounted the Plaintiff's subjective complaints. Tr. 23. When lay witness testimony is similar to the claimant's testimony, the ALJ may reject the lay witness testimony for the same reasons used to discount the claimant's testimony. *Valentine v. Commissioner of Social Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). Further, the ALJ afforded some weight to Lisa Bixler's opinion in formulating the residual functional capacity determination. Tr. 24. Plaintiff spends some time in her reply contesting the significance of her own credibility determination, but no reversible, harmful error has been shown.

///

///

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 16) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 20) is **GRANTED**.

3. The hearing on cross motions for summary judgment scheduled for April 7, 2014 is **VACATED**.

The District Court Executive is hereby directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** this file.

**DATED** September 9, 2013.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14